UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| KOURTNEY WILLIAMS, VICTOR LARA, JR., and ISHMAEL DOUGLAS, | )   2:15-cr-00069-JDL |
| | ) |
| **Defendants.** | ) |

**ORDER ON DEFENDANTS' MOTIONS TO SEVER**

Defendants Kourtney Williams, Victor Lara, Jr., and Ishmael Douglas have each moved to sever his trial from that of his codefendants under Federal Rule of Criminal Procedure 14(a) (ECF No. 109; ECF No. 93; ECF No. 94). All Defendants argue that statements by codefendants that the Government would seek to introduce into evidence, if admitted in a joint trial, would cause prejudice. Following a hearing on the motions to sever held on September 9, 2015, Williams, Lara, and Douglas each filed motions in limine to exclude from evidence in a joint trial certain of the out-of-court statements by the three codefendants in a list of 42 statements proffered by the Government (Def. Ex. 1). ECF No. 126; ECF No. 127; ECF No. 125. Each codefendant also renewed his request to sever his trial. *Id.* For the reasons discussed below, I deny the motions to sever.

**I. FACTUAL BACKGROUND**

This case involves an alleged invasion and robbery of a residence in Minot, Maine in the evening of August 2, 2014, to steal oxycodone pills and proceeds from the trafficking of such illegal drugs. ECF No. 25 at 2. All three codefendants are

charged with conspiracy to possess with intent to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), 846, and with conspiracy to commit a Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a). *Id.* at 1-2. Williams, Douglas, and Lara each face a count of use of a firearm during and in relation to a drug trafficking crime or a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). *Id.* at 3-5. Williams and Douglas are each charged with possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) or (e). *Id.* at 2-4.

## II. LEGAL ANALYSIS

The general rule is that defendants who are indicted together are tried together "to prevent inconsistent verdicts and to conserve judicial and prosecutorial resources." *United States v. Appolon*, 695 F.3d 44, 54 (1st Cir. 2012) (quoting *United States v. Soto-Beníquez*, 356 F.3d 1, 29 (1st Cir. 2004)). However, a district court has the power to sever codefendants' trials if "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Id.* (quoting *Zafiro v. United States*, 506 U.S. 534, 539 (1993); Fed. R. Crim. P. 14(a)). Severance is "especially disfavored" in conspiracy cases. *United States v. Celestin*, 612 F.3d 14, 19 (1st Cir. 2010); *United States v. Tiem Trinh*, 665 F.3d 1, 17 (1st Cir. 2011).

The Supreme Court stated in *Zafiro* that "[w]hen the risk of prejudice is high, a district court is more likely to determine that separate trials are necessary," but that "less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice." *Zafiro*, 506 U.S. at 539 (citing *Richardson v. Marsh*, 481 U.S. 200, 211 (1987) (stating that the Confrontation Clause is not violated by the

2

admission, with a proper limiting instruction, of a nontestifying codefendant's confession that is redacted to eliminate any reference to the defendant's existence); *see also Celestin*, 612 F.3d at 20.

I have carefully examined each of the 42 statements both individually and together. In ruling on the defendants' motions in limine, I have concluded that several of the statements are admissible as against all three defendants as statements made during and in furtherance of a conspiracy pursuant to Federal Rule of Evidence 801(d)(2)(E). I have also concluded, with regard to the statements that are not admissible against all defendants, that redactions and/or limiting instructions, as appropriate, will be effective in guarding against any prejudice or confusion. Accordingly, I conclude that severance is not warranted. I note that I have reserved ruling in part on the admissibility of statements objected to in the defendants' motions in limine. I have considered those statements in relation to the motions to sever and conclude that even if they are to be admitted, they would not result in prejudice that would warrant severance of defendants' trials.

Williams', Lara's, and Douglas' motions to sever his trial from that of his codefendants are **DENIED**.

**SO ORDERED.**

Dated this 6th day of November, 2015.

                                       /s/     JON D. LEVY
                                       **U.S. DISTRICT JUDGE**