## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **)** | |
| | **)** | |
| **v.** | **)** | |
| | **)** | |
| **KOURTNEY WILLIAMS, VICTOR** | **)** | **2:15-cr-00069-JDL** |
| **LARA, JR., and ISHMAEL** | **)** | |
| **DOUGLAS,** | **)** | |
| | **)** | |
| **Defendants.** | **)** | |

### ORDER ON DEFENDANTS' MOTIONS IN LIMINE

Defendants Kourtney Williams, Victor Lara, Jr., and Ishmael Douglas have each moved to sever his trial from that of his codefendants under Federal Rule of Criminal Procedure 14(a) (ECF No. 109; ECF No. 93; ECF No. 94). The Government seeks to introduce into evidence certain out-of-court statements by each codefendant. The defendants argue that these statements, if admitted in a joint trial, would be prejudicial. Following a hearing on the motions to sever held on September 9, 2015, Williams, Lara, and Douglas each filed motions in limine to exclude from evidence in a joint trial certain of the out-of-court statements by the three codefendants in a list of 42 statements proffered by the Government (Def. Ex. 1). ECF No. 126; ECF No. 127; ECF No. 125. Each codefendant also renewed his request to sever his trial. *Id.* The Government filed a consolidated response to the defendants' motions in limine (ECF No. 131). Douglas filed a reply to the response (ECF No. 133). After careful consideration, I grant in part, deny in part, and reserve for ruling in part, each defendant's motions in limine.

# I.  LEGAL ANALYSIS

Williams, Lara, and Douglas each object to a different set of statements among the 42 statements in the list provided by the Government and admitted as Defendants' Exhibit 1.   The list comprises 5 statements by Defendant Douglas ("Statements 1-5"), 13 statements by Defendant Lara ("Statements 6-18"), and 24 statements by Defendant Williams ("Statements 19-42").   For each statement that a defendant seeks to exclude, two questions arise: first, whether the statement is admissible against the objecting defendant, and, second, if it is not, whether its admission against a codefendant in a joint trial would constitute an extrajudicial statement by a nontestifying codefendant that is "powerfully incriminating" of the objecting defendant, in violation of his rights under the Confrontation Clause, despite the use of limiting instructions, *see Bruton v. United States*, 391 U.S. 123, 135-137 (1968).  I also consider the Supreme Court's holding in *Richardson v. Marsh* that the admission, with a proper limiting instruction, of a nontestifying codefendant's statement that is redacted to remove the defendant's name and any reference to the defendant's existence and is not facially incriminating of the defendant, does not fall within the *Bruton* rule.  *Richardson v. Marsh*, 481 U.S. 200, 202, 211 (1987); *see also Foxworth v. St. Amand*, 570 F.3d 414, 433 (1st Cir. 2009).

I now provide my analysis for each of the 42 statements at issue through the following chart, which sets forth the text of each statement and indicates whether the statement is admissible as against any defendant.  The chart also contains my order on the relevant motion to exclude.  I find that Statements 2, 3, 10, 11, and 12 are admissible as against all three defendants under Federal Rule of Evidence

801(d)(2)(E) as statements made during and in furtherance of a conspiracy.  I find that Statements 5, 31, and 39 are not admissible against any defendant and order them excluded.  With respect to the remainder, for those statements or portions thereof that I find are admissible against one defendant only, I indicate that limiting instructions as to the other defendants will be given.  For some statements, I reserve ruling on their admissibility as against any defendant pending further argument by counsel.  I note that the Government has, in some instances, stipulated that it will not seek to introduce a statement into evidence against one or more defendant.

| STATEMENT: | ADMISSIBLE AGAINST DEFENDANT(S): | ORDER: |
|---|---|---|
| 1.  Statements made by Douglas to a witness on about August 8, 2014, that (A) he was involved in the robbery; (B) that he committed the robbery with two other males; and (C) Heidi Hutchinson drove during the robbery. | Douglas | The statement "that he committed the robbery with two other males" shall be redacted and is inadmissible.  The remainder of the statement is admissible as against Douglas.  A limiting instruction will be given as to Williams and Lara. |
| 2.  A statement made by Douglas in the presence of Heidi Hutchinson | All | The statement is admissible as against all defendants as having been made in furtherance of the conspiracy. |

| | | |
|---|---|---|
| to another male robber on about August 2, 2014 in the car on the way to the robbery, "I can't go back to jail for nobody…You better make sure I'm not going back to jail for nobody." | | |
| 3.  Statement made by Douglas in the presence of Victim #1 and others inside the Tardiff residence at the start of the robbery on about August 2, 2014 of "Police! Get down!" | All | The statement is admissible as against all defendants as having been made in furtherance of the conspiracy. |
| 4.  During a jail call recording made on August 24, 2014 (Call #3715 at 13:46), a statement by Douglas made to Kourtney Williams and Crystal Howes (during a three-way call), "I was about to just, | | The court defers ruling on the admissibility of this statement.  The Government will be afforded the opportunity to make a more detailed offer of proof regarding this statement. |

| | | |
|---|---|---|
| nigga, just, just to say 'Fuck it' and come on in, man." | | |
| 5.  During a jail call recording made on November 25, 2014 (Call #4099 at 23:15), a statement by Douglas made to his girlfriend, Sarah St. Amand, "One of the dudes that was in the house is here." | None | The Government has stipulated that it will not offer this statement as evidence. |
| 6.  Statements made by Lara to Laura Thenor on about August 2, 2014 after the robbery that (A) he went to Ross Tardiff's with Heidi Hutchinson and another male; (B) he was present when the items stolen from Tardiff's home (including the firearm) went into Hutchinson's apartment; and (C) he took a crowbar with him | Lara | The Government has stipulated as to part (A) that it will only offer Lara's statement that "he went to Ross Tardiff's with Heidi Hutchinson."  With that redaction, these statements are admissible as against Lara, and a limiting instruction will be given as to the other defendants. |

| | | |
|---|---|---|
| for use during the robbery which he had taken from her residence on Scribner. | | |
| 7. A statement made by Lara to Laura Thenor sometime after his arrest on a jail call recording asking her to ask her stepsister to assist with lying for his alibi. | Lara | The statement is admissible as against Lara. A limiting instruction will be given as to the other defendants. |
| 8. A statement made by Lara in the presence of Heidi Hutchinson (and others per Hutchinson) on about July 26, 2014 that he would participate in a robbery at Ross Tardiff's residence. | Lara | The Government has stipulated that the statement is only admissible as against Lara. A limiting instruction will be given as to the other defendants. |
| 9. A statement made by Lara to Heidi Hutchinson on about August 2, 2014 that she | Lara | The Government has stipulated that the statement is only admissible as against Lara. A limiting instruction will be given as to the other defendants. |

| | | |
|---|---|---|
| was driving to the robbery or he would take her car. | | |
| 10.  A statement made by Lara to Victim #1 inside the Tardiff residence on about August 2, 2014 during the robbery to "lay on your stomach facedown" and "Look down! Look down!" | All | Admissible as against all defendants as a statement made in furtherance of the conspiracy. |
| 11.  A statement made by Lara in the presence of Victim #1 to another male robber with one of the firearms in the computer room of the Tardiff residence with the other two victims on about August 2, 2014 during the robbery, "Just shoot one of them to make an example." | All | Admissible as against all defendants as a statement made in furtherance of the conspiracy. |

| | | |
|---|---|---|
| 12.  A statement made by Lara in the presence of Victim #1 to the male robber holding Victim #1 at gunpoint out in the garage behind the Tardiff residence on about August 2, 2014 during the robbery, "Just shoot him back here." | All | Admissible as against all defendants as a statement made in furtherance of the conspiracy. |
| 13.  A statement made by Lara in the presence of Heidi Hutchinson (and others per Hutchinson) on about August 2, 2014 shortly after the robbery that he found someone inside Ross Tardiff's residence hiding under a mattress and beat him up. | Lara | The Government has stipulated that the statement is only admissible as against Lara.  A limiting instruction will be given as to the other defendants. |
| 14.  During a jail call recording made on August | Lara | The Government has stipulated that the statement is only admissible as against |

| | | |
|---|---|---|
| 12, 2014 (Call #4403), a statement made by Lara to his girlfriend, Laura Thenor, that Heidi dropped him off the night of the robbery. | | Lara. A limiting instruction will be given as to the other defendants. |
| 15.  During a jail call recording made on August 16, 2014 (Call #3443), a statement made by Lara to his girlfriend, Laura Thenor, asking for help with an alibi for the robbery from her cousin, Melissa "Missy" Williams, who should "keep it simple." | Lara | The Government has stipulated that the statement is only admissible as against Lara. A limiting instruction will be given as to the other defendants. |
| 16.  During a jail call recording made on August 17, 2014 (Call #6755), a statement made by Lara to his girlfriend, Laura Thenor, asking for the alibi | Lara | The Government has stipulated that the statement is only admissible as against Lara. A limiting instruction will be given as to the other defendants. |

| | | |
|---|---|---|
| statement again from "her" (regarding Thenor's cousin), who again should "keep it simple...don't write down dumb shit." | | |
| 17.  During a jail call recording made on September 29, 2014 (Call #8307), a statement made by Lara to his girlfriend, Laura Thenor, "all my alibis are leading me to her (Melissa's) crib." | Lara | The Government has stipulated that the statement is only admissible as against Lara.  A limiting instruction will be given as to the other defendants. |
| 18.  A statement made by Lara to Maurice Evans (a/k/a "Fresh") on about August 22, 2014, asking him to write an alibi saying that he was with him on the night of the home invasion having picked him up at a specific address, having | Lara | The Government has stipulated that the statement is only admissible as against Lara.  A limiting instruction will be given as to the other defendants. |

| | | |
|---|---|---|
| brought him to get some marijuana and having dropped him off at his girlfriend's. | | |
| 19.  A statement made by Williams to Heidi Hutchinson on about July 26, 2014 that he needed her to purchase ammunition for him because he did not have identification. | | The Court reserves ruling pending further argument by counsel. |
| 20.  A statement made by Williams in the presence of Heidi Hutchinson (and others per Hutchinson) on about July 26, 2014 that he would participate in a robbery at Ross Tardiff's residence. | | The Court reserves ruling pending further argument by counsel. |

| | | |
|---|---|---|
| 21.  A statement made by Williams to Victim #1 once inside the Tardiff residence on about August 2, 2014 to, "Get down! Get down!" | | The Court reserves ruling pending further argument by counsel. |
| 22.  Statements made by Williams to Victim #1 inside the Tardiff residence during the robbery such as, "Where's the shit?" "Where is the homeowner?" "When is he coming home?" "Where does he keep the stuff?" "Where does he keep the/his shit?" "What's the combination to the safe?" "What's in the garage?" "Let us into the safe!" "Tell us where the shit is at!" | | The Court reserves ruling pending further argument by counsel. |
| 23.  Statements made by Williams to Heidi Hutchinson on about August 2, | Williams | The Government has stipulated that the statement is only admissible as against Williams.  A limiting instruction will be given as to the other defendants. |

| | | |
|---|---|---|
| 2014 shortly after the robbery that (A) some of the zip ties he purchased had been used during the robbery and were left behind inside the Tardiff residence; and (B) he hit one of the occupants inside the Tardiff residence. | | |
| 24.  A statement made by Williams to Heidi Hutchinson on about August 2, 2014 shortly after the robbery that while watching the occupants during the robbery he briefly turned his attention to a camera inside the residence, resulting on one of the occupants he described as "Slim" getting away. | Williams | The Government has stipulated that the statement is only admissible as against Williams.  A limiting instruction will be given as to the other defendants. |

| 25. A statement made by Williams to Heidi Hutchinson on about August 3, 2014 that he observed the safe inside the Tardiff residence during the robbery and knew there would be something in it. | Williams | The Government has stipulated that the statement is only admissible as against Williams. A limiting instruction will be given as to the other defendants. |
|---|---|---|
| 26. A statement made by Williams to Heidi Hutchinson on about August 3, 2014 that (A) he needed a place to store two firearms (his own firearm she knew him to have and the firearm she knew to be stolen from the Tardiff residence during the robbery); (B) the firearms would only be there for a couple of days; (C) he wanted to sell the stolen Tardiff firearm to someone in Boston; and (D) he | Williams | The Government has stipulated that the statement is only admissible as against Williams. A limiting instruction will be given as to the other defendants. |

| | | |
|---|---|---|
| could get a lot of money for the stolen Tardiff firearm because it had an extended magazine. | | |
| 27.  During a jail call recording made on August 8, 2014 (Call #1347), a statement made by Williams to an individual believed to be Gary Wallace (a/k/a "Champ") believed to be referencing the police seizing the firearms, "they got them things." | Williams | The Government has stipulated that the statement is only admissible as against Williams.  A limiting instruction will be given as to the other defendants. |
| 28.  During a jail call recording made on August 11, 2014 (Call #8579), a statement made by Williams to Crystal Howes asking her to contact "Fresh" to tell Heidi Hutchinson not to come to court. | | The Court reserves ruling on the admissibility of the statement pending further argument by counsel. |

| | | |
|---|---|---|
| 29. During a jail call recording made on August 11, 2014 (Call #9699), instructions by Williams provided to Crystal Howes to contact "Fresh" and tell Heidi Hutchinson not to come to court and testify against him. | | The Court reserves ruling on the admissibility of the statement pending further argument by counsel. |
| 30. During a jail call recording made on August 14, 2014 (Call #2115), a statement made by Williams to Crystal Howes after she says that Tardiff made bail, "Tardiff doesn't want to know me." | | The Court reserves ruling on the admissibility of the statement pending further argument by counsel. |
| 31. During a jail call recording made on August 14, 2014 (Call #3491), a statement made by Williams to Crystal Howes to tell the third | None | This statement is excluded. |

| | | |
|---|---|---|
| robber "to do what the fuck I say." | | |
| 32.  During a jail call recording made on September 11, 2014 (Call #9299), a statement by Williams to Heidi Hutchinson, "my actions got me here." | | The Court reserves ruling on the admissibility of the statement pending further argument by counsel. |
| 33.  During a jail call recording made on October 4, 2014 (Call #1571 made by Inmate Ishmael Douglas to his girlfriend Sarah using Inmate Jason King's pin at 13:42), a statement made by Williams to Heidi Hutchinson (who was on the phone via a three-way call initiated by Sarah St. Amand when Defendant Williams gets on the call from the jail), "You don't know it was | | The Court reserves ruling on the admissibility of the statement pending further argument by counsel. |

| | | |
|---|---|---|
| stolen, my nigga" during a conversation about the firearm. | | |
| 34.  During a jail call recording made on October 23, 2014 (Call #8435), a statement made by Williams to Heidi Hutchinson, "Did they find that weed?" during a conversation about the execution of a search warrant on her residence following his arrest. | Williams | The Government has stipulated that the statement is only admissible as against Williams.  A limiting instruction will be given as to the other defendants. |
| 35.  During a jail call recording made on October 30, 2014 (Call #8563), a statement made by Williams to an individual believed to be Gary Wallace (a/k/a "Champ") about an individual | | The Court reserves ruling on the admissibility of the statement pending further argument by counsel. |

| | | |
|---|---|---|
| believed to be Akylle Murchison (a/k/a "Neef") that "the nigga was hitting me up for bread and shit while the nigga was booked, I'm sending the nigga bread, the nigga ain't dropped me off not one dime yet and he's the reason I'm here if you want to be technical." | | |
| 36.  During a jail call recording made on November 29, 2014 (Call #4691), a statement made by Williams to Heidi Hutchinson that he could have done anything he wanted, gone to college, but started playing with" them things" and started selling drugs and all that shit and "shooting niggas." | | The Court reserves ruling on the admissibility of the statement pending further argument by counsel. |

| 37. During a jail call recording made on November 30, 2014 (Call #2867), a statement made by Williams to Heidi Hutchinson, "I don't beat niggas, I shoot niggas.  That's the Boston life, nigga. Niggas play with them things." | Williams | The Government has stipulated that the statement is only admissible as against Williams.  A limiting instruction will be given as to the other defendants. |
| --- | --- | --- |
| 38.  During a jail call recording made on November 19, 2014 (Call #4451), a statement made by Williams to Heidi Hutchinson, "they don't know that" in response to a statement by Hutchinson that the firearm was illegal when it was stolen. | Williams | The Government has stipulated that the statement is only admissible as against Williams.  A limiting instruction will be given as to the other defendants. |
| 39.  During a jail call recording made on November 30, 2014 (Call #2867), a statement made by Williams to Heidi Hutchinson, | None | This statement is excluded. |

| | | |
|---|---|---|
| "I don't beat, I shoot." | | |
| 40.  During a jail call recording made on December 2, 2014 (Call #8211), a statement made by Williams to Heidi Hutchinson that the firearms are not illegal if they registered to somebody, so any charges against her will get dropped down to "receiving stolen property." | Williams | The Government has stipulated that the statement is only admissible as against Williams.  A limiting instruction will be given as to the other defendants. |
| 41.  Statement made by Williams to Heidi Hutchinson during numerous jail call recordings that (A) she should plead the 5th if called to testify at court; and (B) she should not go to court. | Williams | The Government has stipulated that the statement is only admissible as against Williams.  A limiting instruction will be given as to the other defendants. |
| 42.  Statements made by Williams in a handwritten letter mailed on May 16, 2015 to "Dee Williams" at the address of | Williams | The Government has stipulated that the statement is only admissible as against Williams.  A limiting instruction will be given as to the other defendants. |

| Heidi Hutchinson's sister (see attached letter). | | |
|---|---|---|
| | | |

Williams', Lara's, and Douglas' motions in limine are **GRANTED** in part and **DENIED** in part, with **RULING RESERVED** in part, as set forth in the chart above.

**SO ORDERED.**

Dated this 6th day of November, 2015.

**/s/    JON D. LEVY**
**U.S. DISTRICT JUDGE**
