**UNITED STATES DISTRICT COURT
DISTRICT OF MAINE**

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | 2:15-cr-00069-JDL-01 |
| | ) | |
| KOURTNEY WILLIAMS, | ) | |
| Defendant. | ) | |

**ORDER ON GOVERNMENT'S OBJECTION TO PRESENTENCE REPORT**

Defendant Kourtney Williams was convicted by a jury of conspiracy to commit Hobbs Act Robbery, possession of a firearm by a felon, and using a firearm during and in relation to a drug trafficking crime or crime of violence. The Third Revised Presentence Investigation Report ("PSR") filed by the Probation Office concluded that Williams does not qualify as a "career offender" under § 4B1.1 of the United States Sentencing Guidelines Manual. The Government objects, arguing that Williams has two prior convictions for crimes of violence, and therefore qualifies as a career offender under § 4B1.1. For the reasons that follow, I find that Williams qualifies as a career offender under the Guidelines.

### I. DISCUSSION

**A. Sentencing Guideline Edition**

The parties disagree as to which edition of the Sentencing Guidelines Manual applies in this case. The Guidelines themselves provide that the Court should use the Guidelines Manual in effect on the date that the defendant is sentenced, unless doing so would violate the *ex post facto* clause of the Constitution. U.S. Sentencing

Guidelines Manual § 1B1.11(a), (b)(1) (U.S. Sentencing Comm'n 2016). Williams does not explain why use of the 2016 edition of the Guidelines—which will be the edition in effect on his sentencing date—would violate the *ex post facto* clause.

The United States Sentencing Commission revised the definition of "crime of violence" in the 2016 edition of the Guidelines, removing the so-called "residual clause" and expanding the list of enumerated offenses that qualify as crimes of violence. *See United States v. Childers*, 2017 WL 2559858, *6 (D. Me. June 13, 2017). As another judge in this District recently recognized, however, the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886, 890 (2017), obviated any *ex post facto* concerns arising out of the changed definition of "crime of violence" by holding that the residual clause in the Sentencing Guidelines is not subject to vagueness challenges under the Due Process Clause. *See Childers*, 2017 WL 2559858, at *6 (Woodcock, J.). Before *Beckles* was decided, the First Circuit held in *United States v. Fields*, 822 F.3d 20, 33 (1st Cir. 2016), that Application Note 1 to U.S.S.G. § 4B1.2 could not be applied because the section's residual clause was unconstitutional based on the Supreme Court's conclusion in *Johnson v. United States*, 135 S. Ct. 2251 (2015), that the analogous residual clause of the Armed Career Criminal Act was unconstitutionally vague. Because *Beckles* effectively overrules *Fields*, Application Note 1 can again be applied by Courts using the Guidelines. *See Childers*, 2017 WL 2559858, at *6. Because Application Note 1 enumerates many of the same offenses—including robbery—that are now enumerated in the text of the provision, the analysis of a "crime of violence" is the same under the 2016 edition of the Guidelines as under

2

previous editions, and there is no *ex post facto* concern. *See id.* I will therefore apply the 2016 edition of the Guidelines in this case.

**B.	Career Offender Guideline**

The 2016 version of the Sentencing Guidelines provides:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S. Sentencing Guidelines Manual § 4B1.1(a) (U.S. Sentencing Comm'n 2016). Section 4B1.2 of the Guidelines defines "crime of violence" as

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that--
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> (2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c).

*Id.* at § 4B1.2. Clause (1) is known as the "force clause," while clause (2) is known as the "enumerated offenses clause."

In this case it is undisputed that Williams was at least eighteen years old when the instant offenses were committed and that the offenses of conviction include a felony that is a crime of violence. The Government argues that Williams has at least two prior felony convictions of a crime of violence based on his 2008 Massachusetts convictions for assault with a dangerous weapon, and his 2013 Maine convictions for robbery with the use of a dangerous weapon and assault with the use of a dangerous

3

weapon. If two of these three prior convictions qualify as crimes of violence, Williams should be sentenced as a career offender under § 4B1.1.

C.     **Massachusetts - Assault with a Dangerous Weapon**

The Government contends that Williams' prior Massachusetts convictions for assault with a dangerous weapon, described in Paragraph 37 of the PSR, constitute a proper predicate offense under the career offender guideline. Williams was charged with four counts of assault with a dangerous weapon arising out of a single incident that occurred on March 15, 2008. He pleaded guilty to two of the counts, and the other two were dismissed.

The First Circuit has held that assault with a dangerous weapon under Massachusetts law qualifies as a predicate offense under the force clause of the Armed Career Criminal Act, which is substantively identical to the force clause of the Guidelines' career offender provision. *See United States v. Hudson*, 823 F.3d 11, 18 (1st Cir. 2016). Williams argues, however, that although he was over the age of 18 at the time of the offense, he was convicted as a "youthful offender," and that the conviction therefore cannot serve as a predicate. "Youthful offender" adjudications in Massachusetts do not qualify as predicate offenses under the career offender guideline. *See United States v. McGhee*, 651 F.3d 153, 158 (1st Cir. 2011).

While paragraph 37 of the PSR does indicate that Williams was convicted as a "youthful offender" for one of the two counts to which Williams pleaded guilty, the Government has offered evidence that establishes that both of the Massachusetts convictions for assault with a dangerous weapon are adult convictions and Williams was not convicted as a "youthful offender" on those charges. Although the judgment

4

for that conviction contains a notation reading "Y/O terms," with respect to Count I, the evidence establishes that this notation does not mean that Williams was convicted as a youthful offender. Rather, "Y/O terms" is a term of art used by Massachusetts courts to denote specific probation conditions imposed on certain defendants under the age of 25 who have been convicted as adults. Williams was over the age of 18 at the time he committed the crimes and on the date of the judgment, and I find that he was convicted as an adult with respect to both counts.

Williams objects to the consideration of the Government's evidence, arguing that the Court may not consider extrinsic evidence during sentencing, and may only look to specific documents approved by the Supreme Court—so-called *Shepard* documents—in determining whether a prior conviction qualifies as a predicate. As the First Circuit has recognized, however, "*Shepard* concerned itself with the sources upon which a sentencing court can rely to determine the character of an offense. . . . *Shepard* does not control . . . what documents can be used to prove the *fact of a prior conviction*." *United States v. Bryant*, 571 F.3d 147, 154 (1st Cir. 2009) (internal quotation marks omitted). Williams does not point to any case law suggesting that a court is so limited in the evidence it may consider to determine whether a defendant was convicted as a juvenile or as an adult in a prior adjudication.

Because *Hudson* established that the crime of assault with a dangerous weapon qualifies as a crime of violence under the force clause, and the Government has shown that Williams was convicted as an adult, his two convictions for assault with a dangerous weapon arising out of the same incident together count as one

5

predicate offense under the career offender guideline. *See* U.S. Sentencing Guidelines Manual § 4A1.2(a)(2) (U.S. Sentencing Comm'n 2016).

D.   **Maine - Robbery with the Use of a Dangerous Weapon**

The Government argues that Williams' Maine conviction for robbery with the use of a dangerous weapon, described in paragraph 39 of the PSR, qualifies as a predicate offense under both the force clause and the enumerated offenses clause. Williams was convicted of 17-A M.R.S.A. § 651(1), which defines robbery under Maine law, along with a penalty enhancement under 17-A M.R.S.A. § 1252(4), which requires that the state prove that the offense was committed "with the use of a dangerous weapon." Section 651(1) is a divisible statute, so the Court may consider *Shepard* documents in determining what specific offense Williams was convicted of. *See United States v. Mulkern*, 854 F.3d 87, 91 (1st Cir. 2017). The plea colloquy from the Maine state proceeding indicates that Williams pleaded guilty to § 651(1)(B), which applies to a person who

> commits or attempts to commit theft and at the time of the person's actions: . . . The actor threatens to use force against any person present with the intent (1) To prevent or overcome resistance to the taking of the property, or to the retention of the property immediately after the taking; or (2) To compel the person in control of the property to give it up or to engage in other conduct that aids in the taking or carrying away of the property.

17-A M.R.S.A. § 651(1)(B) (2017).[1]

---

[1] The Maine Legislature amended § 651(1)(B) on June 8, 2017. This opinion quotes the previous version of the statute, which is the one Williams pleaded guilty to.

1. **Force Clause**

The First Circuit has held that a Maine robbery conviction under § 651(1) does not qualify as a crime of violence under the force clause of the Armed Career Criminal Act because the Maine Law Court has held that robbery may be committed with the use of any amount of force, including, for instance, the force necessary to snatch a purse from the hand of a victim. *See Mulkern*, 854 F.3d at 93-94. Because the Supreme Court's decision in *Johnson v. United States*, 559 U.S. 133 (2010), requires that the physical force that defines a crime of violence under the Armed Career Criminal Act be "violent force," and the force needed to snatch a purse does not qualify as "violent force" under *Johnson*, Maine robbery does not qualify as a predicate offense under the Armed Career Criminal Act. *Mulkern*, 854 F.3d at 94. The First Circuit applies *Johnson*'s definition of force to career offender cases under the Guidelines. *See United States v. Collins*, 811 F.3d 63, 66-67 (1st Cir. 2016). Thus, *Mulkern*'s holding regarding the Armed Career Criminal Act establishes that Maine robbery does not qualify as a crime of violence under the career offender guideline.

The Government responds that *Mulkern* is not dispositive of the issue because Williams was convicted of committing the robbery "with the use of a dangerous weapon," due to the application of the penalty enhancement provision of 17-A M.R.S.A. § 1252(4), and therefore the force used in committing the offense was sufficient to satisfy *Johnson*'s definition of physical force. The First Circuit has recognized that a crime which may theoretically be committed through an application of force insufficient to satisfy *Johnson* may be transformed into a crime of violence if it is accomplished by means of a dangerous weapon. *U.S. v. Whindleton*, 797 F.3d

7

105, 114 (1st Cir. 2015). In *Whindleton*, the court held that Massachusetts assault with a dangerous weapon qualified as a crime of violence even though simple assault did not. *Id.* Simple assault could theoretically be accomplished by a threat of mere offensive touching. *Id.* The court reasoned, however, that because a conviction for assault with a dangerous weapon required that "the threat of harm was by means of a dangerous weapon"—that is, a weapon capable of producing serious bodily harm or death—it necessarily meant that the harm threatened was capable of causing pain or injury, and therefore satisfied *Johnson*'s definition of physical force. *Id.* at 114-116.

Maine Revised Statutes Annotated § 1252(4) applies a penalty enhancement if a crime is committed "with the use of a dangerous weapon." *See* 17-A M.R.S.A § 1252(4) (2017). "Use of a dangerous weapon" is defined as "the use of a firearm or other weapon, device, instrument, material or substance, whether animate or inanimate, which, in the manner it is used or threatened to be used is capable of producing death or serious bodily injury." 17-A M.R.S.A. § 2(9)(A) (2017); *see also United States v. Cunningham*, 597 F. Supp. 2d 155, 157-58 (D. Me. 2009) (noting that application of the provision depends on court's prospective assessment of the defendant's "manner of using" the weapon). Thus, Williams' guilty plea to § 1252(4) necessarily means that he employed a weapon in a manner capable of producing death or serious harm in the course of the robbery. Similar to the reasoning in *Whindleton*, the "threat[] to use force" involved in the robbery, *see* 17-A M.R.S.A. § 651(1)(B), was necessarily a threat to use a degree of force sufficient to satisfy *Johnson*'s definition of physical force.

8

Williams argues in response that § 1252(4) does not necessarily require that the weapon be used as an instrumentality of the crime. He relies on the fact that his Maine conviction for assault was pursuant to 17-A M.R.S.A § 207(1)(A) and § 1252(4), while a separate offense, aggravated assault with the use of a dangerous weapon, is defined in 17-A M.R.S.A. § 208(1)(B). He suggests that use of a weapon as an instrumentality in the course of an assault results in a violation of § 208(1)(B), so conviction under §§ 207(1)(A) and 1252(4) must imply mere possession of a weapon without using it to commit the offense. Essentially, Williams argues that the fact that there are two separate sections in the Maine Criminal Code addressing these crimes indicates that the use of a dangerous weapon means something different in each.

There is a further distinction between § 207(1)(A) and § 208(1)(B), however, that sheds light on why the Maine Criminal Code defines two separate but overlapping offenses. Assault as defined in § 207(1)(A) includes causing "bodily injury or offensive physical contact to another person," while aggravated assault under § 208 only applies when a person causes "bodily injury." Conviction under § 207(1)(A), with a penalty enhancement under § 1252(4), results in a Class C violation, while conviction under § 208(1)(B) results in a Class B violation. This discrepancy makes sense in light of the fact that § 207(1)(A) criminalizes more—and less serious— conduct than § 208(1)(B). Thus, it is possible to violate § 207(1)(A) and § 1252(4) but not § 208(1)(B) by, for example, poking a victim in the ribs with a gun. It is possible to cause offensive physical contact while using a dangerous weapon as an instrumentality of the crime without also causing bodily injury, and therefore the fact

9

that § 207(1)(A) and § 208(1)(B) define separate crimes does not necessarily imply that the "use of a dangerous weapon" means something different in each section.[2]

Moreover, the language used by § 208(1)(B) ("with use of a dangerous weapon") is substantively identical to the language used by § 1252(4) ("with the use of a dangerous weapon"), so it is implausible that the Maine Legislature would have meant the first to apply to use of a weapon as an instrumentality of the offense, and the second to refer to the mere possession of a weapon during the commission of an offense. *See Seeley v. State*, 431 A.2d 608, 611 (Me. 1981) (noting that application of § 1252(4) penalty enhancement to aggravated assault conviction under § 208(1)(B) would be redundant because they both include an enhancement for "the same factor," i.e. use of a dangerous weapon).

Williams makes a final argument that "the facts relating to the offense" cannot be considered because he entered a "*Nolo/Alford*" plea. ECF No. 311 at 5. But this argument misses its mark because I am not relying on any factual findings underlying Williams' conviction. My analysis is instead limited to the elements of the crimes to which Williams pleaded guilty. *See United States v. Mitchell*, 743 F.3d 1054, 1067 (6th Cir. 2014) (noting that convictions based on *Alford*-type pleas can be predicate offenses if the statute of conviction categorically qualifies as a predicate offense).

---

[2] Note that this hypothetical does not undermine the conclusion above that use of a dangerous weapon as an instrumentality of Williams' robbery conviction necessarily involved violent force, because the robbery involved the *threat* of force, and the First Circuit has made clear that the threat of force with a dangerous weapon is the threat of violent force. *See Whindleton*, 797 F.3d at 114.

The fact that Williams pleaded guilty to both § 651(1)(B) and § 1252(4) means that he used a weapon as an instrumentality of the crime when he committed the robbery. Therefore, the force threatened during the course of the robbery was force capable of causing death or serious bodily injury. Williams' conviction for robbery with the use of a dangerous weapon thus qualifies as a predicate offense under the force clause of the career offender guideline.

**2. Enumerated Offenses Clause**

The Government argues that Williams' robbery conviction also qualifies as a predicate offense under the enumerated offenses clause in the career offender guideline. The 2016 edition of the Guidelines lists robbery as an enumerated offense. *See* U.S. Sentencing Guidelines Manual § 4B.1.2(a)(2) (U.S. Sentencing Comm'n 2016). To determine whether a past conviction is for an enumerated offense, courts must "compare the elements of the statute forming the basis of the defendant's conviction with the elements of the 'generic' crime." *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013).

Williams asserts that his prior robbery conviction cannot qualify as an enumerated offense because Maine robbery can be committed with a *de minimis* amount of force, which distinguishes it from the generic crime of robbery. In *United States v. Wicklund*, 2016 WL 6806341, at *3-4 (D. Or. Nov. 17, 2016), the court examined a similar Oregon robbery statute that, like the Maine statute, covered offenses perpetrated with a minimal amount of force. The court determined that the Oregon statute was not sufficiently similar to generic robbery because it extended to

11

offenses such as purse-snatching, which "do not necessarily involve immediate danger to the person." *Id.* at *4.

Williams' argument ignores, however, that Williams was convicted of robbery with the use of a dangerous weapon pursuant to § 651(1)(B) and § 1252(4), as discussed above. Because Williams' conviction necessarily involved the threat of serious bodily harm or death, it did involve immediate danger to the victim, and therefore does comport with the generic definition of robbery. Thus, the robbery conviction and the generic crime align because both involve the taking of property from another person by force or intimidation. *See United States v. Lockley*, 632 F.3d 1238, 1244 (11th Cir. 2011). Williams' robbery conviction therefore qualifies as a predicate offense under the enumerated offenses clause of the career offender guideline.

**E.     Maine - Assault with the Use of a Dangerous Weapon**

The Government argued in its sentencing memoranda that Williams' conviction for assault with the use of a dangerous weapon under 17-A M.R.S.A. §§ 207(1)(A) and 1252(4), as described in paragraph 39 of the PSR, also qualifies as a crime of violence under the force clause. Following the submission of the sentencing memoranda, the First Circuit issued an opinion on a similar question that points in the opposite direction. In *Bennett v. United States*, the court, after in-depth analysis, concluded that a conviction for aggravated assault under 17-A M.R.S.A. § 208 does not qualify as a violent felony under the Armed Career Criminal Act's force clause, which, again, is substantively identical to the force clause of the career offender guideline. *See* --- F.3d ----, 2017 WL 2857620, at *20 (1st. Cir. July 5, 2017). This

12

holding rested on the fact that aggravated assault in Maine, like simple assault, may be committed recklessly. *Id.* The section under which Williams was convicted, 17-A M.R.S.A § 207(1)(A), likewise may be committed recklessly. For that reason, Williams' conviction for assault with the use of a dangerous weapon does not qualify under the force clause of the career offender guideline, and cannot serve as a predicate offense.

## II. CONCLUSION

For the foregoing reasons, I find that Williams has two qualifying predicate offenses under the career offender guideline. The Government's objection is therefore **ALLOWED**, and the Court will sentence Williams as a career offender under § 4B1.1 of the United States Sentencing Guidelines Manual.

**SO ORDERED.**

**Dated this 14th day of August 2017**

                                                                       **/s/ JON D. LEVY**
                                                                        **U.S. DISTRICT JUDGE**