UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| v. | ) 2:15-cr-00069-JDL-1 |
| | ) |
| KOURTNEY WILLIAMS, | ) |
| | ) |
| Defendant. | ) |

**ORDER ON MOTION FOR COMPASSIONATE RELEASE**

Kourtney Williams, who is proceeding pro se, was found guilty on September 12, 2016, following a jury trial (ECF No. 240) of Conspiracy to Commit Hobbs Act Robbery, 18 U.S.C.A. § 1951(a) (West 2022); Possession of a Firearm by a Felon (Armed Career Criminal), 18 U.S.C.A. §§ 922(g)(1), 924(e)(1) (West 2022); and Using a Firearm During and in Relation to a Drug Trafficking Crime or Crime of Violence, 18 U.S.C.A. § 924(c)(1)(A)(ii). He was sentenced on September 22, 2017, to a term of imprisonment of 184 months to be followed by a term of supervised release of five years. In *United States v. Lara*, 970 F.3d 68, 74, 90 (1st Cir. 2020), the First Circuit vacated his conviction for Using a Firearm During and in Relation to a Drug Trafficking Crime or Crime of Violence in light of *United States v. Davis*, 139 S. Ct. 2319 (2019), and remanded this case for resentencing. Williams was resentenced on June 16, 2021, to a term of imprisonment of 140 months to be followed by a term of supervised release of three years. He now moves for compassionate release (ECF No. 514) under 18 U.S.C.A. § 3582(c)(1)(A)(i) (West 2022), citing a variety of reasons.

A court may reduce a defendant's term of imprisonment under § 3582(c)(1)(A)(i) only if "extraordinary and compelling reasons warrant such a

reduction." Williams first cites the fact that he was resentenced after his successful appeal. This sequence of events is not an extraordinary and compelling reason warranting a reduction in his new sentence because the vacation of his conviction under 18 U.S.C.A. § 924(c)(1)(A)(ii) is already reflected in his current sentence.

He also claims that the existence of the COVID-19 pandemic qualifies as an extraordinary and compelling reason even for prisoners who do not have any particular medical vulnerabilities. The case he cites for this proposition, *United States v. McCall*, 20 F.4th 1108, 1114 (6th Cir. 2021), *vacated*, 29 F.4th 816 (6th Cir. 2022) (mem.), suggested only that people who are unable to receive or benefit from the COVID-19 vaccines may be able to show the necessary extraordinary and compelling reasons to warrant a sentence reduction. Williams does not allege that he is such a person.

Williams next argues that his sentence must be reduced in light of his pending appeal on the issue of whether his sentence must be vacated because of *Borden v. United States*, 141 S. Ct. 1817 (2021). The pendency of this appeal does not constitute an extraordinary and compelling reason warranting a reduction in his revised sentence; however, the First Circuit has heard oral argument on this matter and thus will address whether Williams is entitled to a second resentencing.

He also appears to argue that a two-level enhancement for "bodily injury" was applied to him erroneously because the Fourth Circuit has held that the enhancement requires a significant injury. *See United States v. Lewis*, 18 F.4th 743, 750 (4th Cir. 2021). At Williams's resentencing, I adopted the portion of the Presentence Investigation Report that stated that he participated in a home-invasion robbery in

2

which the victims were beaten with a crowbar. Being beaten with a crowbar qualifies as a significant injury because "the victim's injuries were either 'painful and obvious' or 'of a type for which medical attention ordinarily would be sought.'" *Id.* (quoting U.S. Sent'g Guidelines Manual § 1B1.1 cmt. n.1(B) (U.S. Sent'g Comm'n 2021)).

Finally, Williams asserts that his release date is relatively soon and the restrictions put in place to reduce the spread of COVID-19 in prisons are burdensome. These considerations, without more, do not amount to an extraordinary and compelling reason warranting a reduction of his sentence.

For the foregoing reasons, Williams's Motion for Compassionate Release (ECF No. 514) is **DENIED**.

**SO ORDERED.**

Dated: August 24, 2022

                                             /s/ JON D. LEVY
                                         **CHIEF U.S. DISTRICT JUDGE**