UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | 2:15-cr-00069-JDL |
| | ) | |
| KOURTNEY WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Kourtney Williams, who is proceeding pro se, was found guilty on September 12, 2016, following a jury trial, of Conspiracy to Commit Hobbs Act Robbery, 18 U.S.C.A. § 1951(a) (West 2023); Possession of a Firearm by a Felon (Armed Career Criminal), 18 U.S.C.A. §§ 922(g)(1), 924(e)(1) (West 2023); and Using a Firearm During and in Relation to a Drug Trafficking Crime or Crime of Violence, 18 U.S.C.A. § 924(c)(1)(A)(ii) (West 2023). He was sentenced on September 22, 2017, to a term of imprisonment of 184 months to be followed by a term of supervised release of five years. In *United States v. Lara*, 970 F.3d 68 (1st Cir. 2020), the First Circuit vacated his conviction for Using a Firearm During and in Relation to a Drug Trafficking Crime or Crime of Violence in light of *United States v. Davis*, 139 S. Ct. 2319 (2019), and remanded this case for resentencing. Williams was resentenced on June 16, 2021, to a term of imprisonment of 140 months to be followed by a term of supervised release of three years. On July 13, 2023, Williams filed a Motion to Reduce Sentence (ECF No. 518) related to the compassionate release statute, the First Step Act, and recent amendments to the United States Sentencing Guidelines. He also requests

1

that counsel be appointed to represent him in his sentence reduction request (ECF No. 528). For the reasons that follow, the Motion to Reduce Sentence is denied.

## I. COMPASSIONATE RELEASE UNDER SECTION 3582(c)(1)(A)

The compassionate release statute, as amended by the First Step Act of 2018, Pub. L. No. 115−391, § 603(b), 132 Stat. 5194, 5239-41 (codified at 18 U.S.C.A. § 3582(c)−(d) (West 2023)), permits a court to consider a motion for compassionate release brought by a defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C.A. § 3582(c)(1)(A). The court may then reduce the defendant's sentence only if, after considering the factors set forth in 18 U.S.C.A. § 3553(a), it finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

Williams's Motion to Reduce Sentence cites to Section 3582(c)(1)(A). However, the record does not indicate that Williams has exhausted his administrative rights as required under that section. Even if Williams has satisfied the administrative exhaustion requirement, Williams's motion does not contain any assertions of facts which support the conclusion that extraordinary and compelling reasons warrant compassionate release.

## II. SENTENCE REDUCTION UNDER SECTION 3582(c)(2)

Section 3582(c)(2) authorizes the reduction of a defendant's sentence in some circumstances where the Sentencing Commission has subsequently lowered the relevant sentencing range. A court may reduce the defendant's sentence only if, after considering the factors set forth in Section 3553(a), it finds that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C.A. § 3582(c)(2). The applicable Sentencing Commission policy statement provides in part that, absent circumstances not relevant here, "the court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range." U.S. Sent'g Guidelines Manual § 1B1.10(b)(2)(A) (U.S. Sent'g Comm'n 2023).

Williams does not cite Section 3582(c)(2) in his Motion to Reduce Sentence, but I understand his motion to request a sentence reduction based on Amendment 821 to the U.S. Sentencing Guidelines. That amendment, which went into effect on November 1, 2023, alters the calculation of criminal history "status points" under Section 4A1.1 of the U.S. Sentencing Guidelines. At Williams's resentencing, I found that Williams's total offense level was 34, and that he had a criminal history category of IV. Williams argues that, under the newly amended status point provisions, he would have a revised criminal history category of III. The Government asserts in its response that Williams still has a criminal history category of IV under the amended guidelines.

Even if Williams had a revised criminal history category of III, the applicable guideline range would be 188-235 months of imprisonment, given the offense level of

3

34. Thus, any reduction of Williams's 140-month sentence based on Amendment 821 would result in a term of imprisonment below the minimum sentence of the applicable guideline sentencing range. Because such a result would be inconsistent with the applicable Sentencing Commission policy statement, Williams is not entitled to a sentence reduction under Section 3582(c)(2).

Finally, Williams raises concerns about good time credits and prison conditions. These concerns are not potential bases for a sentence reduction under Section 3582(c)(2).[1]

For the foregoing reasons, the Defendant's Motion to Reduce Sentence (ECF No. 518) is **DENIED** and the Defendant's Motion to Appoint Counsel (ECF No. 528) is **DENIED AS MOOT**.

**SO ORDERED.**

Dated: December 11, 2023

                                                  /s/ JON D. LEVY
                                                **CHIEF U.S. DISTRICT JUDGE**

---

[1] To the extent that Williams seeks to challenge the Bureau of Prisons' calculation or application of good time credits, it might be appropriate to raise that issue in a motion under 28 U.S.C.A. § 2241 (West 2023) in the district where Williams is incarcerated. *See McKinney v. United States*, No. 1:18-CR-00084-JAW-3, 2022 WL 1997242 (D. Me. June 6, 2022).