UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

UNITED STATES OF AMERICA, )
)
v. ) 2:15-cr-00069-JDL-1
)
KOURTNEY WILLIAMS, )
)
Defendant )

**RECOMMEND DECISION ON MOTION FOR AN ORDER REGARDING CRIMINAL HISTORY SCORE**

Defendant asks the Court to clarify and reduce his criminal history score, which Defendant asserts will improve his security classification and make him eligible to benefit from previously earned time credits. (Motion, ECF No. 532.) The Government opposes the motion. (Response, ECF No. 533.)

Following a review of the record and after consideration of the parties' arguments, I recommend the Court deny the motion.

**BACKGROUND**

In April 2015, a grand jury indicted Defendant for: (1) conspiring to possess with intent to distribute controlled substances, (2) conspiring to commit Hobbs Act robbery, (3) possessing a firearm after being convicted of a felony, and (4) using a firearm during or in relation to a crime of violence. (Indictment, ECF No. 25.) After a trial in September 2016, a jury found Defendant not guilty of conspiring to distribute controlled substances but guilty on the other three charges. (Jury Verdict, ECF No. 240.) At sentencing, the Court determined that for Counts Two and Three, the total offense level was thirty-two and the criminal history category was VI, in part because Defendant was a career offender under

the guidelines. (Third Revised Presentence Investigation Report (Third PSR) ¶¶ 22–33, 40–41, ECF No. 527-1 at 1–30; Sentencing Transcript at 21–23, ECF No. 368.) When combined with the consecutive sentence on Count Four, the resulting guideline range was 360 months to life in prison. (Sentencing Transcript at 23.) In September 2017, the Court sentenced Defendant to 184 months in prison (100 months on Count Two and 50 months on Count Three to be served concurrently, and 84 months on Count Four to be served consecutively). (Judgment, ECF No. 344.)

On appeal, Defendant and one of the other coconspirators successfully challenged their convictions on Count Four of the indictment. The First Circuit reasoned that, because the Supreme Court in *United States v. Davis*, 139 S. Ct. 2319 (2019), struck down the residual clause of the definition of the term "crime of violence," the elements of conspiracy to commit Hobbs Act robbery do not categorically fit the definition of a crime of violence. *United States v. Lara*, 970 F.3d 68 (1st Cir. 2020).

In advance of resentencing, Plaintiff raised new challenges to the previously calculated criminal history category and the offense level for the two remaining convictions. Defendant argued that: (1) he should not be considered a career offender because neither the current offense, nor his Massachusetts conviction for assault with a deadly weapon (Massachusetts ADW), nor his Maine conviction for robbery with a deadly weapon (Maine RDW) categorically qualified as crimes of violence; (2) the prior calculation erroneously included separate criminal history points for two other convictions imposed at the same time without an intervening arrest; (3) his prior calculation erroneously included a criminal history point for a conviction that resulted in a "continued

without a finding" (CWOF) disposition under Massachusetts law, which also allegedly caused to him to receive two additional "status points" for committing the current offense while on probation from the CWOF offense;[1] and (4) his base offense level for being a felon in possession of a firearm should be lower than the probation office recommended because his prior Massachusetts ADW and Maine RDW convictions did not qualify as crimes of violence. (Resentencing Memorandum, ECF No. 484.) The Government did not object to the Probation Office's recommendation that Defendant was not a career offender, and the Government conceded that two of the other prior convictions should have been treated as one, but the Government disputed Defendant's two other objections. (Resentencing Memorandum, ECF No. 486; Resentencing Transcript at 6–7, ECF No. 510.)

At resentencing in June 2021, the Court rejected Defendant's arguments regarding the CWOF disposition, the status points, and the higher base offense level for prior crimes of violence. (Fourth Revised Presentence Investigation Report (Fourth PSR) ¶¶ 7–17, ECF No. 470; Resentencing Transcript at 7–8, 15–16.) The statutory maximum, a total offense level of 34, and a criminal history category of IV produced a guideline range of 210 to 240 months. (Resentencing Transcript at 34.) The Court sentenced Defendant to 140 months for Count 2 and 60 months for Count 3 to be served concurrently. (Judgment, ECF No. 496.)

---

[1] The guidelines provide for additional points toward a defendant's criminal history score when the defendant committed an offense while under a different criminal justice sentence. The additional points are often called "status points."

Defendant appealed, maintaining that the Court erred regarding the base offense level and in concluding that Massachusetts ADW and Maine RDW qualify as crimes of violence. In August 2023, the First Circuit affirmed. *United States v. Williams*, 80 F.4th 85 (1st Cir. 2023).

In July 2023, Defendant filed a motion to reduce his sentence pursuant to the compassionate release statute, the First Step Act, and Part A of Guidelines Amendment 821,[2] which altered the criteria for adding status points to a criminal history score:

> This provision changes the number of points added to a defendant's criminal history score if the defendant committed the new offense while under a criminal justice sentence. [Under the previous version], the Guidelines provided for a two-point increase in the defendant's criminal history score in such situations under then U.S.S.G. § 4A1.1(d). Amendment 821 eliminated former § 4A1.1(d) and replaced it with U.S.S.G. § 4A1.1(e), which instructs courts to add only one point to a defendant's criminal history score if both of the following conditions are met: 1) the defendant already received seven or more criminal history points; and 2) the defendant committed the instant offense while under a criminal justice sentence. As such, Amendment 821 both reduced the number of points added if the defendant committed the instant offense while under a criminal justice sentence and imposed an additional condition on the assignment of points.

*United States v. Dunston*, No. 1:15-CR-00162-JAW-1, 2024 WL 709363, at *1 (D. Me. Feb. 21, 2024) (citations omitted). After hearing from the parties and the Probation Office, the Court denied the motion. (Order, ECF No. 529.) As relevant here, Defendant asserted that he would now be classified as criminal history category III, but the Government argued

---

[2] The Sentencing Commission had proposed Amendment 821 in April 2023, to take effect in November 2023 unless Congress acted to modify or reject it, and the Commission voted in August 2023 to make most of the amendment retroactively available to prisoners sentenced before the amendment took effect. *Materials Relating to the 2023 Criminal History Amendment*, United States Sentencing Commission, www.ussc.gov/policymaking/materials-relating-2023-criminal-history-amendment.

he would remain category IV; the Court concluded that even assuming Defendant would now be given a criminal history category of III, any reduction from the previously imposed sentence of 140 months would violate the commission's policy statement because the reduced sentence would be lower than the minimum of the new guideline range of 188-235 months. (*Id.* at 3 – 4; (discussing USSG § 1B1.10(b)(2)(A)).)

Defendant then filed this motion.

## DISCUSSION

Although Defendant suggests that he accepts the Court's order denying his request for a sentence reduction, he seeks an order declaring the lower criminal history score and category for which he argued in the sentence reduction proceedings. Defendant argues that, even without Amendment 821, which would lower his criminal history score by two points, the CWOF offense was dismissed in March 2023, and, therefore, his criminal history score should be lowered by three points (one for that offense and two for the status points). Defendant also contends that when he was resentenced in June 2021, the Court never issued an updated order containing the new sentence and different criminal history guideline determinations. According to Defendant, an updated order from this Court regarding his criminal history is necessary to correct the Bureau of Prison's (BOP) determinations regarding his security level and recidivism score, which determinations limit his ability to earn time credits toward early release.

The record generated as the result of the resentencing proceedings in June 2021 does not support Defendant's argument. The Court made guideline findings on the record, including that his criminal history category changed from VI to IV in large part because he

was no longer classified as a career offender under the guidelines. (Resentencing Transcript at 7–8, 15–16, 34; Fourth PSR ¶ 15.) The Court also issued a new judgment and statement of reasons for the sentence. (Judgment, ECF No. 496; Statement of Reasons, ECF No. 497.)

At the end of the sentencing reduction proceedings, the Court did not make similar findings or declarations as to what Defendant's criminal history score and category would be if resentenced because the Court determined that it was not authorized to reduce his sentence further. A sentencing court has only a few narrow powers to revisit a sentence or guideline determinations after the sentencing court issues a criminal judgment. *See United States v. Mercado-Flores*, 872 F.3d 25, 28 (1st Cir. 2017) (beyond the "handful of narrowly circumscribed exceptions," expressly recognized in 18 U.S.C. § 3582(c), the sentencing court "has no jurisdiction to vacate, alter, or revise a sentence previously imposed"). Defendant's argument fails because he provides no authority to support his contention that the Court's authorized to revisit its earlier findings and orders.[3]

To the extent Defendant asks the Court to review or scrutinize BOP's determination regarding his security level and time credits towards early release, the BOP and not the sentencing court is responsible for classification determinations and placement decisions, *Tapia v. United States*, 564 U.S. 319, 331 (2011); *United States v. Black*, No. 2:07-cr-

[3] Even if Defendant could provide a basis for the Court to enter an order as he requests, his argument would likely fail because diversionary dispositions like a CWOF constitute a prior sentence under the guidelines if there are adequate findings or an admission of guilt. *See* U.S.S.G. §§ 4A1.2(c)(3), (c)(4), (f). The Probation Office concluded there were sufficient facts found regarding that offense, and Defendant has never provided any authority or persuasive argument undermining that conclusion.

00029-GZS, 2022 WL 1487035, at *2 n.3 (D. Me. May 11, 2022), and "judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982).

If Defendant believes the BOP has incorrectly applied the rules and regulations governing the implementation or execution of his sentence, the proper vehicle for relief is to exhaust the BOP administrative remedies and, if he does not obtain relief, file a § 2241 petition in the court with jurisdiction over the place of confinement. *See Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement"); *Ross v. Veach*, 218 F. App'x 508, 509 (7th Cir. 2007) (distinguishing between challenges to the administration of a sentence, including the calculation of "good-time credits," which are required to be filed in the district of custody, and challenges to the sentence itself, which must be filed with sentencing court).

## CONCLUSION

Based on the foregoing analysis, I recommend the Court deny Defendant's motion.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen

(14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 4th day of March, 2024.